UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK A. ROMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-cv-10208-MGM |
| COMPUTERSHARE INC., | ) |
| HARLEY-DAVIDSON, INC., | ) |
| SCOTTRADE, INC., | ) |
| TD AMERITRADE, INC., and | ) |
| VINCENZO ROMANO, | ) |
| | ) |
| Defendants, | ) |

### MOTION OF CORPORATE DEFENDANTS UNDER
### RULE 36(c) TO DETERMINE SUFFICIENCY OF ANSWERS
### OF PLAINTIFF FRANK ROMANO TO REQUESTS FOR ADMISSION

#### Introduction

Defendants Computershare Inc., Harley-Davidson, Inc., Scottrade, Inc., and TD Ameritrade, Inc. (the "Corporate Defendants"), hereby move this Court, pursuant to Fed.R.Civ.P. 36(c), for an order to determine the sufficiency of answer nos. 6, 7, and 8 only of Plaintiff Frank Romano's Answers to the Corporate Defendants First Request for Admissions, Sept. 26, 2019, referred to as "Answers to RFAs," a copy of which is attached hereto as Exhibit "A".

#### Certification

Pursuant to Local Rule 7.1(a)(2), counsel hereby certifies that he has conferred with opposing counsel on the issues raised herein and has attempted in good faith to resolve or narrow the issues.  See Exhibit "B" hereto.

1

**Factual Background**

This is a case in which plaintiff Frank Romano claims that he bought and paid for 100 shares of stock in Harley-Davidson Inc. in 1986 which split many times over the years and with the split stock now worth many hundreds of thousands of dollars (the "H-D Shares"). The Corporate Defendants say they have established in this case so far that instead Frank Romano's father, Lawrence Romano, bought and paid for this first 100 shares and came to own all the H-D Shares. However, father Lawrence Romano had a habit of putting his property in the names of his children including his son, Frank Romano, which he did in this case.

The Corporate Defendants say that Frank Romano has admitted the following: (1) Frank Romano said at his deposition that he knew in the years after 1986 both that the many splits shares (H-D Shares) had been issued and that they were worth a lot of money; (2) however, he admits he never had physical possession of the H-D Shares (Ex. "A," hereto, Answers to RFAs, No. 1); (2) he admits he never received any dividend checks for the H-D Shares (Ex. "A," no. 2); (3) he admits never paid any taxes on the dividends or sale of the H-D Shares (Ex. "A," nos. 3 & 4); (4) when asked at his deposition if he ever told his father or anyone in his family that he owned the H-D Shares he answered, "I don't recall"; (5) when asked at his deposition whether he told *anyone ever* that he owned the H-D Shares he answered, "I don't recall"; (6) he further admitted that did not list the H-D Shares on a 2007 mortgage application (of which the Corporate Defendants do not yet have a copy); and (7) he admitted he never took any action to notify the Corporate Defendants before his father died in 2014 that he claimed ownership of the H-D Shares (Ex. "A," no. 13).

The Corporate Defendants also say they have established from testimony of Plaintiff's mother, affidavits from his brothers, and from documents that: (1) father Lawrence Romano got

2

the idea to buy the 1986 100 shares from his good friend, Vinny Terranova, the owner of a major Harley-Davidson dealership who said the stock "would go through the roof"; (2)  the addresses where Harley-Davidson's transfer agent sent the H-D Shares were all addresses of father Lawrence Romano including his personal post office box; (2) father Lawrence Romano always claimed to his family that he paid for the 1986 purchase and all the later H-D Shares were his property; (3) son Frank Romano never contradicted his father on ownership of the H-D Shares while his father lived (until 2014); (4) father Lawrence Romano claimed the H-D Shares as his property on his sworn financial statements; (5) he deposited all of certificates for the H-D Shares with Scottrade and sold most of them; (6) he got all of the dividend checks on the H-D Shares and endorsed them; (7) son Frank admitted on a recorded call to Computershare, Harley-Davidson's later transfer agent, that his father bought the shares (although he also says on the call his father brought the shares for him, Frank); (8) father Lawrence cut son Frank out of his 2014 Last Will & Testament and gave him no testamentary gift; and (9) son Frank does not now claim the H-D Shares were some gift of his father to him, and in fact denies this, and it is undisputed that father Lawrence had and kept the physical certificates for the H-D Shares.

### Current Discovery Dispute

The Corporate Defendants in their First Request for Admissions, which are copied in Plaintiff's Answers to RFAs, Ex. "A" hereto, requested Plaintiff to admit, respectively: (1) at no. 6, that he never claimed the H-D Shares as his property on financial statements; (2) at no. 7, that he signed one or more such financial statements without claiming the H-D Shares as his property; and (3) at no. 8, that he did not claim the H-D Shares as his property in financial statements he filed in connection with his divorce from his former wife, Eileen Romano.

3

Plaintiff, in answer to no. 6, responded in part: "Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter." Plaintiff recited the same language in his answer to nos. 7 & 8.

The Corporate Defendants say such a recital is insufficient and renders Plaintiff's answers to nos. 6, 7, and 8 insufficient.

<u>**Argument**</u>

1. **Plaintiff's Answers To Requests for Admission Reciting That He Has Made Reasonable Inquiry But Still Cannot Admit or Deny The Request Are Insufficient.**

Fed.R.Civ.P. 36(a)(4), 1st sentence, provides with respect answers to requests for admission: "if a matter is not admitted, the answer must specifically deny it *or state in detail why the party cannot truthfully admit or deny it.*" (Emphasis added.) In the caselaw this "state in detail" requirement has been interpreted to mean that the party opposing discovery should "allege and specify any reasonable inquiry undertaken to obtain information which would enable plaintiff to admit or deny the admissions requested." *Han v. Food and Nutrition Services of the U.S. Dept. of Agriculture*, 580 F. Supp. 1564, 1566 (D.N.J. 1984). *See also* Wright & Miller, 8B *Fed. Prac. & Proc. Civ.* §2261 (3d ed. August 2019 Update):

> In many instances, a party will not know the matter it is asked to admit is true. In that instance it may reply that it cannot truthfully admit or deny the matter, but if it makes this response it is required to set forth in detail the reasons why this is so. A general statement that it can neither admit or deny, unaccompanied by reasons, will be held an insufficient response, and the court may either take the matter as admitted or order a further answer.

The First Circuit has also held that "Rule 36 requires *specificity, detailed explanation when a truthful answer cannot be framed*, good faith, and fairness." *U.S. v Kennedy*, 646 F.2d 699, 703 (1st Cir. 1981) (italics added). *See also Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246, 1247 (9th Cir. 1981) ("We are not persuaded that an answer to a request for

admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information to admit or deny the matter is not readily available to him .... we believe that restricting the district court's discretion in this manner would reduce a litigant's obligation to make 'reasonable inquiry' into a mere semantic exercise, and thus severely undermine the policy embedded in Rule 36(a) of limiting the issues before trial.")

### Relief Requested

For the foregoing reasons, the Corporate Defendants respectfully request that this Court grant their Motion to Determine Sufficiency of Answers and to order that amended answers be served to its request for admission nos. 6, 7, and 8 in compliance with the requirements of Rule 36(a).

COMPUTERSHARE INC.,
SCOTTRADE, INC.,
TD AMERITRADE, INC., and
HARLEY-DAVIDSON, INC.,

By their attorneys,

*/s/ Michael C. Gilleran*
Michael C. Gilleran (BBO No. 192210)
michael.gilleran@fisherbroyles.com
FISHERBROYLES, LLP
470 Atlantic Avenue
Independence Wharf, 4th Floor
Boston, MA 02210
Direct: 781.489.5680
Mobile: 339.237.1384

Dated: December 4, 2019

## Certificate of Service

I, Michael C. Gilleran, hereby certify that I have today served the foregoing document on all other counsel of record through the ECF filing system, with which they have all registered.

*Is/ Michael C. Gilleran*
Michael C. Gilleran

Dated: December 4, 2019

Exhibit "A"

## Michael Gilleran

| | |
|---|---|
| **From:** | Michael Gilleran |
| **Sent:** | Friday, November 8, 2019 9:10 AM |
| **To:** | David E. Valicenti; Kevin C. Maynard Esq. (kmaynard@bulkley.com) |
| **Subject:** | Romano v. Scottrade - Responses to Request for Admission |
| **Attachments:** | Scott - Discovery - Romano Answers to Admissions - 9_26_19.pdf |

Hi David,

    Several of your client's answers to requests for admission do not meet the requirements of F.R.Civ.P. 36.

    Specifically, he says in response to RFA #6 that he claimed the shares on one mortgage application, but provides no details as to with whom and when this mortgage application was filed.  This response does not meet the "reasonable inquiry" requirement.

    In his response to RFA #8 he also says he does not have sufficient information to admit or deny if he claimed the stock on any financial statement in connection with his divorce.  If a reasonable inquiry were performed as required he could easily get the answer from his counsel in his divorce.  I located such counsel and spoke with them.  If you need the name and contact information, which your client surely has, I can provide such to you.

    As to your client's non-response to several RFAs about whether or not he signed financial statements claiming the stock as his asset I will be serving document requests shortly.

    Please join me in a meet and confer on Tuesday Nov. 12th or Wednesday Nov. 13th at any time of your choosing.

    Best regards,

    Mike


Mike Gilleran
Partner

# FISHERBROYLES®
A LIMITED LIABILITY PARTNERSHIP

470 Atlantic Avenue|Fourth Floor| Boston, MA 02210 |USA|Direct: 781.489.5680
Mobile: 339.237.1384  |michael.gilleran@fisherbroyles.com|  fisherbroyles.com
ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS •
DENVER • DETROIT • HOUSTON • LOS ANGELES • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA •
PRINCETON • SALT LAKE CITY • SEATTLE •  WASHINGTON, DC

**Exhibit "B"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FRANK A. ROMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-cv-10208-MGM |
| COMPUTERSHARE, INC., | ) |
| HARLEY-DAVISON, INC., | ) |
| SCOTTRADE, INC., and | ) |
| VINCENZO ROMANO, | ) |
| | ) |
| Defendants, | ) |
| | ) |

**PLAINTIFF FRANK ROMANO'S ANSWERS TO DEFENDANTS
COMPUTERSHARE, SCOTTRADE, AND HARLEY DAVIDSON'S
FIRST REQUEST FOR ADMISSIONS**

Plaintiff Frank Romano responds to Defendants Computershare, Scottrade, and Harley

Davidson's first request for admissions pursuant to Fed.R.Civ.P. 36 as set forth below.

1.  Admit that you do not now have and never had actual physical possession of
    certificates for any of the Harley-Davidson Stock.

    <u>Answer:</u>

    Plaintiff objects on the grounds that the definition of Harley Davidson Stock is
    misleading in the context of this question.  Subject to the objection, denied, in that
    plaintiff presently has physical possession of various certificates for the Harley-
    Davidson Stock as a result of his claim and this litigation.  Plaintiff also did have
    physical possession of a Harley Davidson stock certificate that is not part of the
    definition used by defendants in these requests.  Plaintiff admits that prior to
    asserting his claims against the Defendants, he did not have actual physical
    possession of the stock certificates for the Harley-Davidson Stock, as that term is
    defined in the requests.

194317

2. Admit that you never received any dividend check ever for any of the Harley-Davidson Stock before the death of your father Lawrence Romano.

<u>Answer:</u>

Admitted.

3. Admit that you never paid any income or other taxes in any way with respect to any dividends issued on the Harley-Davidson Stock before the death of your father Lawrence Romano.

<u>Answer:</u>

Admitted.

4. Admit that you never paid any income or other taxes in any way with respect to any sale or other disposition of the Harley-Davidson Stock.

<u>Answer:</u>

Plaintiff objects on the grounds that the definition of Harley Davidson Stock is misleading in the context of this question. Plaintiff admits that to date he has not paid tax on the sale or other disposition of the Harley-Davidson Stock as that term is defined in the requests, however he did pay tax on the disposition of a portion of his Harley Davidson stock holdings and his potential obligation to do so with respect to the balance of his stock upon the disposition of this case is uncertain.

5. Admit that you never listed or claimed in any way the Harley-Davidson Stock as your property on any application for a mortgage you prepared or signed.

<u>Answer:</u>

Denied.

6. Admit that you never listed or claimed in any way the Harley-Davidson Stock as your property on any financial statement you prepared or signed.

<u>Answer:</u>

Plaintiff objects because the request is not limited in time or scope and covers a period of time over 30 years. Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter. Plaintiff asserted that the stock was his property in connection with at least one mortgage

application, but does not recall if a "financial statement" was prepared or signed at that time.

7.    Admit that you have signed under oath one or more financial statements where you did not list or claim in any way the Harley-Davidson Stock as your property.

Answer:

Plaintiff objects because the request is not limited in time or scope and covers a period of time over 30 years.  Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter.

8.    Admit that you never listed or claimed in any way the Harley-Davidson Stock as your property on any financial statement you prepared or signed in connection with your divorce from Eileen Romano.

Answer:

Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter.

9.    Admit that you never told your mother or brothers in any way before you filed this suit that you claimed any ownership of the Harley-Davidson Stock.

Answer:

Plaintiff objects on the grounds that the definition of Harley Davidson Stock is misleading in the context of this request.  Plaintiff further objects and cannot admit or deny the request because it is not limited in time or scope and covers a period of time as long as 30 or more years.  Plaintiff is not able to answer with certainty about family conversations that spanned that period of time.  Plaintiff admits that he had a conversation with his brother Lorenzo in which it was clear that the Harley-Davidson stock was the property of the plaintiff.  Other than that conversation, after a reasonable inquiry plaintiff does not have a specific recollection of a conversation with his mother or brothers about his ownership of the Harley Davidson Stock as that term is defined in the requests.

10.   Admit that you never told your mother or brothers in any way before you filed this suit that you borrowed money from your father to buy the Harley-Davidson Stock.

Answer:

Plaintiff cannot admit or deny this request because it is not limited in time or scope and covers a period of time as long as 30 or more years.  Plaintiff is not able to

194317

answer with certainty about family conversations that spanned that period of time. After a reasonable inquiry, plaintiff does not recall a specific conversation with his mother or brothers about his borrowing money to buy the Harley Davidson Stock as that term is defined in the requests.

11.  Admit that you never tried to sell at any time the Harley-Davidson Stock which you now claim as your property.

Answer:

Plaintiff objects to the phrase "tried to sell" as ambiguous and the phase "now claim as your property" as argumentative and misleading.  Plaintiff further objects because the definition of Harley Davidson Stock is misleading in the context of this request. Subject to and with waiving the objections, Plaintiff did sell stock represented by one of the Harley Davison certificates.  Other than that sale, admitted.

12.  Admit that you never told anyone you owned the Harley-Davidson Stock before your father's death in 2014.

Answer:

Denied.

13.  Admit that you never took any action from 1990 until 2014 to notify the Business Defendants in any way that you claimed any ownership of the Harley-Davidson Stock.

Answer:

Admitted.

Respectfully submitted,

Frank A. Romano,

By his attorneys,

David Valicenti (BBO# 632980)
Cohen Kinne Valicenti & Cook LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
(413) 443-9399
dvalicenti@cohenkinne.com

Dated: September 26, 2019


### CERTIFICATE OF SERVICE

I, David Valicenti, hereby certify that on this day, a copy of the foregoing document was forwarded email to:

Michael C. Gilleran, Esq.
FisherBroyles LLP
470 Atlantic Avenue, 4th Floor
Independence Wharf
Boston, Massachusetts 02210
michael.gilleran@fisherbroyles.com

Kevin Maynard, Esq.
Bulkley, Richardson and Gelinas LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
kmaynard@bulkley.com

David Valicenti

Dated: September 26, 2019

194317