UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK A. ROMANO,<br>   Plaintiff,<br><br>   v.<br><br>COMPUTERSHARE, INC.,<br>HARLEY-DAVIDSON, INC.,<br>SCOTTRADE, INC., VINCENZO<br>ROMANO, AND TD AMERITRADE,<br>INC.,<br>   Defendants. | Civil No. 3:17-cv-10208-MGM |

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR REMAND
(Dkt No. 132)

ROBERTSON, U.S.M.J.

Presently before the court is the motion of Plaintiff Frank A. Romano ("Plaintiff" or "Romano"), a citizen of New York, for remand of this matter to state court pursuant to 28 U.S.C. § 1447(e), based on the addition of TD Ameritrade, Inc. ("TD Ameritrade"), a New York corporation, as a defendant (Dkt. No. 132). The motion was referred to the undersigned for report and recommendation (Dkt. No. 147). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. For the reasons that follow, I recommend that the motion be denied.

I. **Relevant Factual and Procedural Background**

Plaintiff claims that 2900 shares of Harley-Davidson stock were wrongfully transferred out of his name by forged signatures on stock certificates. On November 18, 2016, Romano, a citizen of New York, commenced a civil action against Harley-Davidson, Inc. ("Harley-Davidson") (the issuer), Computershare, Inc. ("Computershare") (the transfer agent), Scottrade,

Inc. ("Scottrade") (the broker), and Vincenzo Romano ("Vincenzo") (Romano's brother who was involved in the alleged forgeries and conversion of the shares) (collectively, "the Original Defendants") in Massachusetts Superior Court in Berkshire County.  In his First Amended Complaint, Romano alleged wrongful registration in violation of UCC § 8-404 against Harley-Davidson and Computershare; negligence and negligent supervision against Scottrade; conversion, interference with advantageous relationships, and unjust enrichment against Vincenzo; and a violation of M.G.L. ch. 93A against Harley-Davidson, Computershare, and Scottrade.

On February 7, 2017, the Original Defendants, none of whom are citizens of New York, timely removed the matter to this court based on diversity of citizenship between the parties (Dkt. No. 1).  Thereafter, the Original Defendants moved for summary judgment as to all claims against them, and Romano cross-moved for summary judgment against Scottrade as to the negligence claim (Dkt. Nos. 46, 61, and 63). The court denied the motions for summary judgment (Dkt. No. 94).

After the court ruled on the summary judgment motions, on September 24, 2019, Romano sought leave to file a Third Amended Complaint[1] adding TD Ameritrade, a New York corporation, as a defendant, based on the representation that he learned at the Fed. R. Civ. P. 30(b)(6) deposition of Scottrade that it had been acquired by TD Ameritrade (Dkt. No. 118). The Corporate Defendants assented to Plaintiff's motion to amend, and Vincenzo did not oppose the motion.  This court granted leave the following day (Dkt. No. 119).

---

[1] Romano's Second Amended Complaint, which is not at issue here, added a claim for declaratory judgment as to the ownership of 200 additional shares of Harley-Davidson stock registered in Romano's name (Dkt. No. 106).

In his Third Amended Complaint filed on October 1, 2019, Romano, for each of the three claims he asserts against Scottrade, added the allegation that, "TD [Ameritrade] is liable for the acts of Scottrade by contract, as the successor of Scottrade by merger and/or as successor in interest" (Dkt. No. 120 at ¶¶ 45, 54, 80). The Corporate Defendants have admitted these allegations (Dkt. No. 158, ¶¶ 45, 54, 80).

TD Ameritrade is a non-diverse defendant because it is incorporated in New York, where Plaintiff also resides. Plaintiff did not allude to the possible effect on diversity jurisdiction of adding TD Ameritrade as a defendant when he filed his motion for leave to file his Third Amended Complaint. On December 19, 2019, however, Plaintiff filed the instant motion for remand to Massachusetts state court pursuant to 28 U.S.C. § 1447(e), taking the position that the addition of TD Ameritrade destroyed diversity (Dkt. No. 132). The Corporate Defendants opposed remand and filed an opposing motion to drop TD Ameritrade as a defendant pursuant to Fed. R. Civ. P. 21 (Dkt. No. 136). The Corporate Defendants represented that Scottrade became a wholly-owned subsidiary of TD Ameritrade Holding Corporation in September 2017 and was dissolved and merged into TD Ameritrade on December 31, 2019, but that the dissolved corporation remained a proper defendant with TD Ameritrade being responsible for any alleged liability therefor. Based on the parties' representations, the court directed the parties to review Fed. R. Civ. P. 25(c), regarding substitution of parties where there has been a transfer of interest. Thereafter, the Corporate Defendants filed a motion to substitute pursuant to that rule (Dkt. No. 154). The court denied the motion without prejudice based on the Corporate Defendants' failure to confer adequately with Plaintiff before the filing of such a motion and the failure to provide evidence, as opposed to the representations of counsel, about the timing and mechanics of TD Ameritrade's purported acquisition of Scottrade's assets and liabilities (Dkt. No. 162). The

3

Corporate Defendants filed an amended motion to substitute TD Ameritrade for Scottrade pursuant to Fed. R. Civ. P. 25(c), curing these deficiencies and seeking to have TD Ameritrade substituted for Scottrade and Scottrade dropped as a defendant (Dkt. No. 163).  Plaintiff opposed the motion (Dkt. No. 165).  On November 4, 2020, this court granted the motion insofar as it added TD Ameritrade as a defendant pursuant to Fed. R. Civ. P. 25(c) and denied insofar as it retained Scottrade as a defendant (Dkt. No. 166).  In light of this order, on November 16, 2020, the court denied the Corporate Defendants' motion to drop TD Ameritrade as a party as moot (Dkt No. 167).

## II.     Discussion

Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court."  28 U.S.C. § 1447(e).  Caselaw, however, acknowledges a narrow exception to the provisions of section 1447(e).  The Supreme Court has made clear that "in a Rule 25(c) transfer-of-interest case, 'if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.'"  *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 484 (D.C. Cir. 1996) (quoting *Freeport-McMoRan, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426, 428-29 (1991) (per curiam)).  S*ee also Potvin v. Speedway LLC*, 891 F.3d 410, 413 (1st Cir. 2018) ("There is no basis for any suggestion that the substitution of Speedway for Hess [pursuant to Fed. R. Civ. P. 25(c)] affected the district court's jurisdiction."); *contrast Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 140-41 (1st Cir. 2004) (holding that diversity jurisdiction was destroyed by the addition of a non-diverse defendant where there was "no post-filing transfer of interest").  Because TD Ameritrade has been added pursuant to Fed. R. Civ. P. 25(c)

based on its acquisition of Scottrade's assets and liabilities after the filing of this lawsuit and after removal of the case to federal court, this matter fits within the exception to 28 U.S.C. § 1447(e) recognized by the Court in *Freeport-McMoRan*. Jurisdiction existed at the time of filing and removal, and it is not divested by the subsequent addition of TD Ameritrade pursuant to Fed. R. Civ. P. 25(c).

### III. Conclusion

For the foregoing reasons, I recommend that Plaintiff's motion for remand be DENIED.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  November 16, 2020

5