UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK A.ROMANO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:17-cv-10208-MGM |
| | ) | |
| COMPUTERSHARE, INC., | ) | |
| HARLEY-DAVIDSON, INC., | ) | |
| SCOTTRADE, INC., VINCENZO | ) | |
| ROMANO, AND TD AMERITRADE, | ) | |
| INC., | ) | |
|     Defendants. | ) | |

MEMORANDUM AND ORDER REGARDING MOTION OF CORPORATE DEFENDANTS
UNDER RULE 36(c) TO DETERMINE SUFFICIENCY OF ANSWERS OF PLAINTIFF
FRANK ROMANO TO REQUESTS FOR ADMISSION AND PLAINTIFF'S CROSS-
MOTION TO QUASH SUBPOENAS
(Dkt. Nos. 123, 129)

ROBERTSON, U.S.M.J.

Defendants Computershare, Inc. ("Computershare"), Harley-Davidson, Inc. ("Harley-Davidson"), Scottrade, Inc. ("Scottrade"), and TD Ameritrade, Inc. ("TD Ameritrade") (collectively, "the Corporate Defendants") have moved to determine the sufficiency of the answers of Plaintiff Frank A. Romano ("Plaintiff") to certain requests for admission that they served on him pursuant to Fed. R. Civ. P. 36 (Dkt. No. 123). Plaintiff opposes the motion and has filed a cross-motion to quash a group of third-party subpoenas the Corporate Defendants have served regarding Plaintiff's financial records. For the reasons that follow, the Corporate Defendants' motion to determine the sufficiency of Plaintiff's answers (Dkt. No. 123) is GRANTED, and Plaintiff's motion to quash (Dkt. 129) is DENIED.

1

**I.      Background**

    A. Facts

This case involves a dispute over the ownership of shares of Harley-Davidson stock. Plaintiff alleges that he purchased shares of Harley-Davidson stock in 1986, which, through a series of stock splits, consisted of 3,200 shares by January 2007 (Dkt. No. 120 at ¶¶ 7-8). According to Plaintiff, in January and February 2007, his brother Vincenzo Romano ("Vincenzo") forged Plaintiff's signature on four separate stock certificates representing 2,900 shares, and those shares were wrongfully transferred into Scottrade accounts not belonging to Plaintiff (Dkt. No. 120 at ¶¶ 9, 11, 24, 57). Plaintiff did not discover that the transfers occurred until 2014 (Dkt. No. 120 at ¶¶ 19-21). When he was unsuccessful at recovering the shares, he initiated this lawsuit, bringing claims against Vincenzo, as well as Harley-Davidson (the issuer), Computershare (the transfer agent), and Scottrade (the broker).

According to the Corporate Defendants and Vincenzo, Plaintiff's father, Lawrence Romano ("Lawrence"), now deceased, purchased 100 shares of Harley-Davidson stock in Plaintiff's name, but he never intended to buy those shares for, or give them to, Plaintiff. Lawrence's purchase is reflected in a 1987 stock certificate, which the Corporate Defendants and Vincenzo contend is unrelated to Plaintiff's 1986 purchase. It is the 100 shares purchased by Lawrence that were subject to the stock splits and Plaintiff has no claim to them.

    B. The Contested Discovery

The Corporate Defendants served their First Requests for Admission on Plaintiff and take issue with Plaintiff's response to three of those requests. The disputed requests and responses follow.

> 6. Admit that you never listed or claimed in any way the Harley-Davidson Stock as your property on any financial statement you prepared or signed.
>
> Answer: Plaintiff objects because the request is not limited in time or scope and covers a period of time over 30 years. Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter. Plaintiff asserted that the stock was his property in connection with at least one mortgage application, but does not recall if a "financial statement" was prepared or signed at that time.
>
> 7. Admit that you have signed under oath one or more financial statements where you did not list or claim in any way the Harley-Davidson Stock as your property.
>
> Answer: Plaintiff objects because the request is not limited in time or scope and covers a period of time over 30 years. Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter.
>
> 8. Admit that you never listed or claimed in any way the Harley-Davidson Stock as your property on any financial statement you prepared or signed in connection with your divorce from Eileen Romano.
>
> Answer: Plaintiff does not have sufficient information to admit or deny the request and states that he has made reasonable inquiry about the matter.

Plaintiff argues that his answers are sufficient and has filed a cross motion to quash four subpoenas served on Plaintiff's mortgage lenders (Quicken Loans, Total Mortgage, Wells Fargo, and Citi) seeking mortgage applications filed by Plaintiff dating back to 2001.[1]

---

[1] Plaintiff's motion to quash is also directed at a subpoena to Plaintiff's divorce counsel and the New York state court where Plaintiff's divorce took place. However, the Corporate Defendants have represented that they have not and will not serve those subpoenas.

3

## II.     Discussion

### A. The Requests for Admission

Rule 36 of the Federal Rules of Civil Procedure allows a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . .." Fed. R. Civ. P. 36(a)(1). According to the rule, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. …. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). A "requesting party may move to determine the sufficiency of an answer or objection," as the Corporate Defendants have done here. Fed. R. Civ. P. 36(a)(6).

The Corporate Defendants argue that Plaintiff's answers are insufficient because they do not comply with Fed. R. Civ. P. 36(a)(4)'s requirement that, when a party neither admits nor denies a request for admission, the party "state in detail why the party cannot truthfully admit or deny it." The Corporate Defendants acknowledge that the rule allows a party to assert lack of knowledge or information as a reason for failing to admit or deny the request if the party has made reasonable inquiry. The Corporate Defendants, however, argue that case law, including controlling First Circuit authority, provides that simply parroting the language of the rule is insufficient. *See U.S. v. Kenealy*, 646 F.2d 699, 703 (1st Cir. 1981) ("Rule 36 requires specificity, detailed explanation when a truthful answer cannot be framed, good faith, and fairness."); *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) ("We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a)

4

merely because it included a statement that the party has made reasonable inquiry and that the information to admit or deny the matter is not readily available to him."); *Han v. Food & Nutrition Servs. of the U.S. Dept. of Agriculture*, 580 F. Supp. 1564, 1566 (D.N.J. 1984) ("On its face, this response is inadequate under Rule 36(a), for it fails to allege and specify any reasonable inquiry undertaken to obtain information which would enable plaintiff to admit or deny the admissions requested.");

Plaintiff counters that the Corporate Defendants are improperly attempting to use requests for admission for discovery purposes. *See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-RWZ, 2015 WL 13715291, at *3 (D. Mass. Sept. 8, 2015) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997)) ("Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact."); 8B C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2253 (3d ed. 2010) ("Wright & Miller") ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness."). In justification of the sufficiency of his answers, Plaintiff points to the provision of the rule that permits a party to "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). According to Plaintiff, the plain text of the rule does not require the party to go into detail about the nature of his "reasonable inquiry." Finally, Plaintiff argues that his objections to Requests 6 and 7 on scope

grounds are valid, that he provided an adequate answer to Request 6, and that, regarding Request 8, he should not have to supplement his answer because he already testified at his deposition that he does not recall whether he listed or claimed the Harley-Davidson Stock as his property in any way on any financial statement in connection with his divorce, and he has advised the Corporate Defendants that he does not have any financial statements from his divorce.

The court agrees with the Corporate Defendants. There is nothing improper about their use of Rule 36, *see* 8B Wright & Miller § 2253 ("[A] party need not elect between Rule 36 and the other [discovery] rules and it may use the various devices at the same time."), and Plaintiff's responses parroting the language of Rule 36 fail to comply with the requirement of the rule that a party "state in detail why the party cannot truthfully admit or deny it." As noted by the First Circuit, "Rule 36 requires specificity [and] detailed explanation when a truthful answer cannot be framed . . .." *Kenealy*, 646 F.2d at 703. Allowing a party to simply track the language of Rule 36 would also encourage discovery abuse. *See Asea*, 669 F.2d at 1246 ("In our view, permitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process."). Moreover, Plaintiff's objections to Requests 6 and 7 on scope grounds are unfounded. That the requests cover a span of 30 years is simply a product of the fact that Plaintiff claims he purchased the Harley-Davidson stock in 1986, which makes financial statements going back that far in time relevant.

For these reasons, the court grants the Corporate Defendants' motion to determine the sufficiency of Plaintiff's answers. According to the rule, the court may either order that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6). The court here adopts the latter remedy and orders that Plaintiff serve amended answers to Requests 6, 7,

and 8, either admitting or denying them, or, if Plaintiff continues to assert lack of knowledge or information, that Plaintiff detail the asserted reasonable inquiry he has made and explain why the information he knows or can readily obtain is insufficient to enable him to admit or deny the requests. Plaintiff's supplemental answers to Defendants' requests for admissions 6, 7, and 8 shall be served by no later than December 14, 2020.

    B.  <u>The Subpoenas</u>

Third-party subpoenas issued in civil cases in federal court are governed by Fed. R. Civ. P. 45. "'A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015) (quoting *In re New Eng. Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. MDL 13-2419, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013)), *modified on reconsideration,* 160 F. Supp. 3d 431 (D. Mass. 2016). Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." The court "must limit the frequency or extent of discovery . . . if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). "As a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the information sought is privileged or implicates the party's privacy interests." *Degrandis v. Children's Hosp. of Boston*, 203 F. Supp. 3d 193, 198 (D. Mass. 2016) (citing *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 159 (D. Mass. 2013)). The Corporate Defendants concede Plaintiff's right to challenge the subpoenas served on his mortgage lenders.

Plaintiff argues without elaboration that the records sought by the Corporate Defendants have minimal probative value and are not proportional to the needs of the case. He also

complains that the requests are overbroad and will result in the Corporate Defendants obtaining financial information that they should not have.

The Corporate Defendants counter that the records are highly relevant because they will show whether or not Plaintiff claimed that the Harley-Davidson stock was his property, which goes to the heart of the claims in this case. The Corporate Defendants further note that the records sought by the subpoenas are limited to mortgage applications. Finally, the Corporate Defendants have stated that they are agreeable to entry of a protective order to the extent necessary to address Plaintiff's privacy concerns about the records.

Again, the court agrees with the Corporate Defendants. The records are highly relevant to the question of whether Plaintiff has taken the position since 1986 that he owned the Harley-Davidson stock as he claims, or, as Defendants contend, only claimed to own the stock after his father died and was no longer in a position to contest the claim. Nor are the requests overbroad, targeted, as they are, to mortgage applications. Accordingly, the court will not quash the subpoenas as requested by Plaintiff. To the extent that the Corporate Defendants have to re-serve the subpoenas, the non-expert discovery deadline is extended for such purpose. Defendants' Rule 45 subpoenas should be re-served by December 14, 2020.

### III. Conclusion

For the above-stated reasons, the Corporate Defendants' motion to determine the sufficiency of Plaintiff's answers (Dkt. No. 123) is GRANTED, and Plaintiff's motion to quash the subpoenas (Dkt. 129) is DENIED. No fees or costs are awarded. *See* Fed. R. Civ. P. 37(a)(5).

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON

                                                           United States Magistrate Judge

DATED:  November 24, 2020